## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Jeanne Matthews, individually and on behalf of all others similarly situated, | 1:22-cv-00649 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Polar Corp., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1.      Polar Corp. ("Defendant") manufactures, labels, markets, and sells carbonated water purporting to contain an appreciable amount of lemon ingredients under the Polar brand (the "Product").

2.      The representation as "Seltzer [–] Lemon" is false, deceptive and misleading because the Product lacks the amount and type of lemon ingredients expected by Plaintiff and consumers.

3.      In the last five years, carbonated water sales have increased over 40 percent, with Americans consuming 170 million gallons each year.

4.      Defendant markets the Product to the many consumers, like Plaintiff, who have cut back on carbonated soft drinks ("CSD") and fruit juices, due to growing awareness of the adverse health effects of these sugary beverages.

5.      Increasingly, consumers are turning to carbonated waters with small amounts of added fruit ingredients, which is less "plain" than water, but avoids the added sugars and calories in soda and juice.

6.       Carbonated waters with real fruit ingredients are available to consumers from

companies like Spindrift (left), which compete with the Product (right).



7.    The Product's representations include "LEMON," yellow bands across the top and

bottom, and wedges of fresh lemon.




8. Consumers prefer foods which get their taste from food ingredients, which have nutritive value, instead of added flavoring, because the former are more natural, less processed and not exposed to additives and solvents used in manufacturing flavoring substances.

9. Lemon ingredients are considered "food" because they are a source of nutritive value.

10. The extractives, oils, and essences from lemons are concentrated, compounded, synthesized, and mixed with solvents and additives, to create lemon flavor, which lacks the nutritive value of lemons. *See* 21 C.F.R. § 101.22(a)(3).

11. Consumers expect the Product has a non-de minimis amount of lemon ingredients, based on the pictures of the lemon wedge and the prominent statement, "LEMON."

12. The "Refreshingly Natural" statement furthers this impression because lemons are a natural product that can be added in its natural form, through being expressed or squeezed.

13. The packaging and labeling are misleading because it gives consumers the impression the Product contains a greater amount of lemon ingredients than it does.

14. The Product does not contain an appreciable amount of lemon, as consumers understand this citrus fruit, revealed, in part, by the ingredient list, which states, "CONTAINS CARBONATED WATER, NATURAL FLAVORS."

CONTAINS CARBONATED WATER,
NATURAL FLAVORS.

15. According to flavor expert Bob Holmes, if the Product provided "all the flavor depth" and benefits of lemons, the ingredients would include lemon oil, lemon extract or lemon juice, instead of "Natural Flavors."

16. "Natural Flavors" fails to tell consumers that the Product's taste is not mostly from lemons, but a mix of essences from a variety of fruits and vegetables that are combined in a

laboratory, with additives and solvents, into highly concentrated formulas.

17. Consumers who purchase the Product in a case are not even presented with the attempted disclaimer far off to the right on the Product, which states, "MADE WITH NATURAL FLAVORS."



18. Notwithstanding that "Made With Natural Flavors" is situated away from the center of the label where consumers are likely not to notice it, instead of in the center where identical federal and state regulations require, it fails to tell consumers the source of the Product's lemon taste.

19. Federal and identical state regulations require that if a product contains a de minimis, negligible amount of lemon ingredient that is insufficient to characterize it, supplemented by the oils, essences or extractives of lemon, the front label would be required to state, "Natural Lemon Flavored Seltzer." 21 C.F.R. § 101.22(i)(1)(i).

4

20. Lemons get their flavor from alcohols, aldehydes, esters, ethers, terpenes, hydrocarbons, and ketones.

21. These compounds include beta-pinene, beta-myrcene and γ-terpinene, which provide the "woody" and "piney" notes of real lemons, and their characteristic sour taste, complemented by sweetness and tartness.

22. Laboratory analysis revealed or would reveal that the Product's lemon taste, contributed by the "Natural Flavors" ingredient, is mainly from added limonene and citral, through the isomers neral and geranial, without the variety and relative amounts of other essential lemon compounds.

23. These flavoring compounds are used to substitute for real lemons, and more concentrated, so a smaller amount can be used.

24. The relative absence of these essential lemon compounds reveals or would reveal the use of a de minimis amount of real lemons, because if the Product contained more lemon ingredients, the levels of these compounds would be higher.

25. Consumers also value lemons for their nutritive purposes.

26. Lemons are high in vitamin C, a primary antioxidant which protects cells from damaging free radicals.

27. Another group of antioxidants, polyphenols, are linked with reductions in blood pressure, hypertension, and protections from osteoporosis.

28. Even if Plaintiff scrutinized all elements of the packaging and labeling, it would not cure the misrepresentations.

29. Carbonated water which contains lemon *ingredients* is not a rare or pricy delicacy such that a reasonable consumer would verify the front label statements by scrutinizing the

ingredients or fine print.

30.     Whether a product contains real lemons or only tastes like lemon is basic front label information consumers rely on when making quick decisions at the store.

31.     Defendant did not have to name the Product "Seltzer [–] Lemon," but chose to, since this is more enticing to consumers.

32.     The Product contains and makes other representations and omissions which are false or misleading.

33.     Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

34.     The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

35.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

36.     Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

37.     As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $1.89 for 12 OZ, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

<u>Jurisdiction and Venue</u>

38.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

39.    The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

40.    Plaintiff Jeanne Matthews is a citizen of Illinois.

41.    Defendant Polar Corp. is a Massachusetts corporation with a principal place of business in Worcester, Worcester County, Massachusetts

42.    Plaintiff and Defendant are citizens of different states.

43.    The Product is available to consumers from third-parties, which includes grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

44.    Venue is in the Eastern Division in this District because a substantial part of the events or omissions giving rise to these claims occurred in Cook County, i.e., Plaintiff's purchase, consumption, and/or use of the Product and awareness and/or experiences of and with the issues described here.

Parties

45.    Plaintiff Jeanne Matthews is a citizen of Evanston, Cook County, Illinois.

46.    Defendant Polar Corp. is a Massachusetts corporation with a principal place of business in Worcester, Massachusetts, Worcester County.

47.    Defendant is the fastest growing brand of carbonated water in the nation due to several factors.

48.    First, it is a family company, a fact which causes consumers to trust it more than multinational conglomerates.

49.    Second, Defendant recently entered into a distribution agreement with a national beverage company.

50.     Defendant describes its products as "crafted with the same care and attention for over 138 years."

51.     Defendant's website states the products were originally "made with 3 ingredients; locally sourced water, zillions of tiny bubbles to tingle your taste buds, and natural fruit essences for great taste. Today, not much is different…"

52.     Defendant recognizes the value consumers place on simple ingredients, like lemons.

53.     The Product is available to consumers from third-parties, which includes grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

54.     Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at Jewel-Osco, at locations including 1128 Chicago Ave Evanston IL 60202-1351 between July 2021 and September 2021, among other times.

55.     Plaintiff believed the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

56.     Plaintiff wanted more than a "lemon" taste, even though he failed to receive that, because the Product lacked the broad spectrum of flavor compounds associated with lemon ingredients.

57.     Plaintiff wanted more than a "lemon" taste, but lemon ingredients, because of their nutritive benefits and value.

58.     Plaintiff did not expect the Product substituted lemon ingredients with flavor compounds subjected to synthesis and concentration, using additives and solvents.

59.     Plaintiff bought the Product because she expected it contained a non-negligible

amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons because that is what the representations said and implied.

60.     Plaintiff relied on the words, layout, packaging, and/or images on the Product, on the labeling, statements, omissions, and/or claims made by Defendant in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

61.     Plaintiff did not expect a product, especially from the Polar brand, would represent it contained lemon ingredients, when it contained a negligible amount of lemon, not equivalent in any way to the lemon wedge prominently depicted on the front of the case or Product label.

62.     Plaintiff was aware that competitor products were promoted as being made with lemon ingredients, which contained those ingredients, instead of isolated compounds that may have originated in those ingredients, and this factor affected Plaintiff's purchase decision.

63.     Plaintiff was disappointed because she believed the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

64.     Plaintiff bought the Product at or exceeding the above-referenced price.

65.     Plaintiff would not have purchased the Product if she knew the representations and omissions were false and misleading or would have paid less for it.

66.     Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or components.

67.     The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

9

68. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance the Product's representations are consistent with its abilities, attributes, and/or composition.

69. Plaintiff is unable to rely on the labeling and representations not only of this Product, but for other similar carbonated water with added fruit ingredients, because she is unsure whether those representations are truthful.

Class Allegations

70. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of Iowa, Arizona, Ohio, Alabama, Louisiana, West Virginia, New Jersey, Massachusetts, Michigan, Georgia, Utah, Delaware, New Hampshire, Maine, Vermont, Texas, Arkansas, Virginia and Oklahoma, who purchased the Product during the statutes of limitations for each cause of action alleged.

71. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

72. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

73. Plaintiff is an adequate representative because her interests do not conflict with other members.

74. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

75. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

76. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

77. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act<br>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

78. Plaintiff incorporates by reference all preceding paragraphs.

79. Plaintiff and class members desired to purchase a product that contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

80. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

81. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

82. Plaintiff relied on the representations that the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

83. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts

(On Behalf of the Consumer Fraud Multi-State Class)

84.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the above-referenced consumer protection statute and prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

85.    Defendant intended that each of members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

86.    As a result of Defendant's use or employment of artifice, unfair or deceptive acts or business practices, each of the other members of the Consumer Fraud Multi-State Class have sustained damages in an amount to be proven at trial.

87.    In addition, Defendant's conduct showed motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

Breach of Contract

88.    Plaintiff entered into a contract with Defendant for purchase of the Product.

89.    The terms of the contract provided that the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

90.    Defendant breached the contract because the Product did not meet the terms Plaintiff agreed to.

91.    Plaintiff was damaged by the breach, and those damages include the purchase price.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

92.     The Product was manufactured, identified, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

93.     Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, and targeted digital advertising.

94.     Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

95.     Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

96.     Defendant's representations affirmed and promised that the Product contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

97.     Defendant described the Product as one which contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons, which became part of the basis of the bargain that the Product would conform to its affirmations and promises.

98.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

99. This duty is based on Defendant's outsized role in the market for this type of Product, the oldest seller of carbonated beverages in the nation, known for its commitments to simple ingredients, and a family company and market leader.

100. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

101. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

102. Plaintiff hereby provides notice to Defendant that it has breached the express and implied warranties associated with the Product.

103. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

104. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

105. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label.

106. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

107. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

108. Defendant had a duty to truthfully represent the Product, which it breached.

109. This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, the oldest seller of carbonated beverages in the nation, known for its commitments to simple ingredients, and a family company.

110. Defendant's representations regarding the Product went beyond the specific representations on the packaging, as they incorporated its extra-labeling promises and commitments to quality, transparency and putting customers first.

111. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

112. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

113. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

114. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

115. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained a non-negligible amount of lemon ingredients, instead of a de minimis or negligible amount, such as isolated lemon compounds, which failed to provide the nutritive value and taste of lemons.

116. Moreover, the records Defendant is required to maintain, and/or the information

15

inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity, through statement and omission, of the representations.

117.  Defendant knew of the issues described here yet did not address them.

118.  Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

Unjust Enrichment

119.  Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

6.   Other and further relief as the Court deems just and proper.

Dated:   February 5, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com