UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Jeanne Matthews
                        Plaintiff,

v.                                                Case No.: 1:22−cv−00649
                                                Honorable Steven C. Seeger

Polar Corp.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 6, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: This Court recently granted a motion to dismiss filed by Defendant Polar Corp. While reviewing the caselaw in this area, this Court could not help but notice a few common threads. Many of the cases were filed by the same Plaintiff's attorney, Spencer Sheehan. Many of the complaints made the same type of allegations about consumer fraud. And many of the complaints suffered the same fate, exiting the courthouse on motions to dismiss. By the look of things, attorney Sheehan is filing consumer fraud cases over and over again, seemingly covering just about every aisle in the grocery store, without much success. (The case before this Court about butterless butter spray, Strow v. BG Foods, Inc. (21−cv−5104), is a notable exception.) Given that apparent track record, the Court has questions about whether attorney Sheehan's filings comply with the Federal Rules. See Gordon v. Target Corp., 2022 WL 836773, at 19 n.11 (S.D.N.Y. 2022) ("The Court takes a moment to caution Plaintiff's counsel once again that Plaintiff may only file a second amended complaint where she has a good faith basis to do so. As must be clear to Plaintiff's counsel based on the Court's citations in this Opinion & Order, the Court is well aware that Plaintiff's counsel routinely files cases such as these, which bring identical claims, and that they are just as routinely dismissed for failure to state a claim.... This Court will not hesitate to follow the example of a growing number of its sister courts and dismiss Plaintiff's claims with prejudice should Plaintiff present this Court with the same allegations in a second amended complaint.") (citing cases); Boswell v. Bimbo Bakeries USA, Inc., 570 F. Supp. 3d 89, 93 (S.D.N.Y. 2021) ("This case is the latest in a long string of putative class actions brought by the same lawyer alleging that the packaging on a popular food item is false and misleading.") (citing a string of cases in footnote one); Leonard v. Mondelez Global LLC, 2023 WL 2403259, at *3 n.3 (S.D.N.Y. 2023) ("This lawsuit is one of countless other copycat cases all filed by the same attorney challenging the use of the term 'fudge' to describe chocolate−flavored foods.... These lawsuits represent only a fraction of the many cases Plaintiff's counsel has filed against other food manufacturers alleging that packaging on a popular food item is false and misleading.") (citing cases); Hoffman v. Kraft Heinz Foods Co., 2023 WL 1824795, at *6 (S.D.N.Y. 2023) ("For the past several years, Plaintiff's counsel has brought numerous cases in district courts throughout the Second Circuit alleging that various products marketed as containing 'vanilla' are materially misleading because the products allegedly did not

contain naturally derived vanilla extract (collectively, 'the Vanilla Cases').") (citing cases). At some point, a losing streak should tell you something. By all appearances, attorney Sheehan keeps bringing cases about how to read product labels, but he can't seem to read the tea leaves from the judiciary. To get a better look at the playing field, the Court orders the following. By April 30, 2023, attorney Sheehan must prepare and file an Excel spreadsheet that identifies all consumer fraud cases that he has filed in any federal court since January 1, 2020. The cases must appear in chronological order. The spreadsheet must identify the date of filing, the case name, the case number, the district, and whether the complaint survived a motion to dismiss. Again, the spreadsheet must include all districts, not simply the Northern District of Illinois. Plaintiff must email an Excel version of the spreadsheet to the proposed order inbox: proposed_order_seeger@ilnd.uscourts.gov. The Court directs attorney Sheehan to exercise great care in the preparation of the spreadsheet, and ensure that he includes all responsive cases. A failure to comply will lead to appropriate relief. After receiving the spreadsheet, the Court will decide if additional relief is appropriate. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.