UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeanne Matthews, individually and on behalf of all others similarly situated, | 1:22-cv-00649 |
| Plaintiff, | |
| - against - | Hon. Steven C. Seeger |
| Polar Corp., | |
| Defendant | |

## DECLARATION OF SPENCER SHEEHAN

Pursuant to 28 U.S.C.§ 1746, I declare:

1. I am the attorney for Plaintiff in this action.

2. This Declaration is submitted in connection with the Court's Minute Entry of April 6, 2023. ECF No. 35.

3. The Court directed the undersigned, by April 30, 2023, to assemble an Excel spreadsheet that identifies all consumer fraud cases my office has filed in any federal court since January 1, 2020.

4. The Court instructed that the document identify the date of filing, the case name, the case number, the district, and whether the complaint survived a motion to dismiss.

5. The Court requested that the Excel version of the spreadsheet be sent to proposed_order_seeger@ilnd.uscourts.gov, which will be done promptly after this filing, though a PDF version is annexed to this Declaration. Exhibit A.

6. The attached and submitted document includes the information requested by the Court and more, to better comply with the request for transparency and completeness.

7. To that end, this submission includes cases that I did not file but where I was listed on the Complaint or other relevant documents.

8. One of the columns indicates whether the case was one I filed or if it was filed by another attorney or firm.

9. The way I assembled this data was as follows.

10. I searched for my name on PACER with role selected as "aty" or "attorney" since January 1, 2020 across all federal courts.

11. The cases returned did not include all cases where I was listed on the complaints or other documents.

12. Some federal district courts automatically add attorneys on initial complaints to the docket and send those attorneys ECF notices.

13. The Eastern District of New York is one example of a court which follows this practice.

14. The Eastern District of Missouri, on the other hand, does not add attorneys on initial complaints to the docket nor sends those attorneys ECF notices.

15. To provide the most accurate list, I did not review only the cases which PACER identified me as an attorney.

16. I also relied on CourtDrive, a third-party application which downloads all ECF filings from PACER, applies a specific naming convention which includes the case number, district and docket number, and routes them to a specific location within my firm's document management system ("DMS").

17. I cross-checked the cases on CourtDrive associated with my firm with those in Clio, a legal practice management program.

18. One of the columns listed corresponds to the "Nature of Suit" codes which is part of every civil cover sheet throughout the federal district courts, except where such civil cover sheets are not required, such as in Michigan federal courts.

19. For cases I filed during this time period, I selected code "370," under "Personal Property," and denoted as "Other Fraud."

20. One case on the list, which I did not file, was designated with code "190" corresponding to "Contract: Other."

21. However, that case is included in this list because it can more accurately be categorized under 370.

22. Though the Court's request inquired about whether the complaints moved beyond a motion to dismiss, I wanted to ensure a thorough and complete response.

23. I believe I did this by including columns which addressed the following questions: (1) Did Defendant(s) respond to Complaint?, (2) How did Defendant(s) respond to Complaint?, (3) Did Court issue Decision if Defendant(s) filed Motion?, (4) Did Court grant all relief sought by Movant(s) and (5) Did any part of the Complaint move beyond a Motion to Dismiss/Compel Arbitration?.

24. While a case where a defendant did not answer or respond to the complaint could technically not be included in this list, my focus was on completeness, which was why I included such cases.

25. For the column "How did Defendant(s) respond to Complaint?," the entries include (1) Answer, (2) Motion to Dismiss, (3) Motion to Compel Arbitration, (4) Motion to Transfer and Consolidate, (5) Motion to Dismiss/Stay (6) Motion to Consolidate, (7) Motion to Transfer and (8) Motion to Stay.

26. I included "Answer" as an option even though the Federal Rules distinguish between an "answer" and "responsive pleading" in the form of a motion.

27. Though motions to compel arbitration are often designated as a motion to compel arbitration and a motion to dismiss, I did not designate any responsive pleadings as "Motion to Compel Arbitration and Dismiss" even though the filer may have designated their motion that way.

28. Since Fed. R. Civ. P. 12 does not include "compel arbitration" as a defense under Rule 12(b), whether a court requires such a motion to be designated under a subsection of Rule 12(b) varies across the different Circuits.

29. Even though the Seventh Circuit treats motions to compel arbitration as brought under Rule 12(b)(3), it is up to the filer of such a motion to select "Compel" and "Dismiss" at the ECF screen where they are selecting the type of motion that is being filed. *Gratsy v. Colo. Technical Univ.*, 599 Fed. App'x 596, 597 (7th Cir. 2015).

30. Additionally, filers seeking a stay will sometimes designate their motions as seeking dismissal.

31. Some of the motions that sought to transfer, stay and/or consolidate were made by plaintiffs, though most were made by defendants.

32. In various instances, motions to transfer, stay and/or consolidate were either "unopposed" or "joint."

33. The columns labeled as "Did Court grant all relief sought by Movant(s)" and "Did any part of the Complaint move beyond a Motion to Dismiss/Compel Arbitration" will typically contain a "yes" or "no" in the former column with the opposite entry in the latter.

34. However, some cases have "yes" in both columns, because the relevant "relief" was typically the transfer or consolidation of that case with another case, but whether that complaint

4

moved past a motion to dismiss or compel arbitration would be based on the "lead case."

35. An example if *Cruz v. Sanofi US Corporation*, Case No. 1:2021-cv-02351 (N.D. Ill.).

36. This case was transferred to the Northern District of California and attached to the lead case, *Ablaza, et al. v. Sanofi-Aventis U.S. LLC*, Case No. 4:21-cv-01942.

37. Where I thought it would be helpful, the "Notes" column will contain this type of information.

38. There are cases on this list where courts granted motions to dismiss but for various reasons, amended complaints were filed and the cases are ongoing.

39. I avoided identifying those cases in order to limit any editorializing.

40. I likewise did not identify similar cases which were met with results the exact opposite of those noted in the Court's Minute Entry, because that was not within the scope of the Court's request.

41. Should the Court seek any information from me about any of these cases or wish to discuss any of them, I will be glad to accommodate the Court's requests.

42. Finally, it is possible, though I think unlikely, that the list may have inadvertently omitted a case where I was listed or indicated the incorrect answers in one of the relevant columns.

43. This would be unintentional since my work as an attorney is a matter of public record, and I would not misrepresent such information to anyone or this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    April 9, 2023

             /s/ Spencer Sheehan
             Spencer Sheehan